IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY DUROSS,

    Petitioner,

vs.

WARDEN OF CALIFORNIA STATE PRISON-SACRAMENTO,

    Respondent.

No. CIV S-07-1567 MCE DAD P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner challenges a 1999 judgment of conviction entered by the Sacramento County Superior Court.

    The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).

1

Question 8(a) on petitioner's form application for a writ of habeas corpus asks: "Did you appeal from the judgment of conviction? If you did, to what court(s) did you appeal?" Petitioner has checked the "No" box in reference to any appeal to the California Supreme Court. Question 9 on the petitioner's application asks: "Other than appeals, have you previously filed any petitions, applications, or motions with respect to this conviction in any court, state or federal?" Petitioner has checked the "Yes" box. However, in the section designated to list the courts in which he previously filed application for a writ of habeas corpus, petitioner lists only a petition filed with the Sacramento County Superior Court.

After reviewing the petition for habeas corpus, the court finds that according to his own allegations petitioner has failed to exhaust state court remedies. His claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to him. Accordingly, the petition should be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of petitioner's application for a writ of habeas corpus filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
duro1567.103