IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY DUROSS, | No. 2:07-cv-01567-MCE-DAD P |
| Petitioner, | |
| vs. | ORDER |
| WARDEN OF CALIFORNIA STATE PRISON-SACRAMENTO, | |
| Respondent. | |

On March 17, 2008, the court adopted the magistrate judge's findings and recommendations, recommending dismissal of petitioner's application for a writ of habeas corpus for failure to exhaust state remedies. Judgment was entered on that same day. On March 25, 2008, petitioner filed a document styled in part "Motion to Vacate Judgment." The court has construed petitioner's motion as a motion based on Rule 60(b) of the Federal Rules of Civil Procedure. This rule provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

1

>new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

In his motion, petitioner argues that the court has violated his right to sue and prosecute a bona fide civil action. Petitioner also argues that the court has violated his free speech and due process rights.

Petitioner's motion fails to show that he is entitled to relief under any of the provisions of Rule 60(b). While petitioner clearly disagrees with the dismissal of his case, at no point does he explain why be believes the court erred in its exhaustion analysis. Petitioner's disagreement with the outcome of this case, without more, does not entitle him to relief. Accordingly, the court will deny plaintiff's Rule 60(b) motion.

Also before the court is petitioner's request for a certificate of appealability. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability. Specifically, there is no showing that jurists of reason would find it debatable whether petitioner has exhausted state remedies. Accordingly, a certificate of appealability should not issue in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's March 25, 2007 motion to vacate the judgment is denied; and

2. Petitioner's April 7, 2008 request for a certificate of appealability is denied.

Dated: May 16, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3